OPINION
On September 14, 1999, William Gordon, Jr., an EMT for the Alexandria Fire Department, responded to a report of a one-vehicle accident. When he arrived at the scene, appellant John Swisher was sitting next to another car. A corvette was in the ditch. Appellant complained that he broke his neck in the accident. Emergency medical personnel immobilized appellant. During this time, appellant was restless, had a distinct odor, and stated that he wanted to vomit. After placing him in the ambulance, the overwhelming odor of alcohol emanating from appellant caused the EMT's to turn on the vents in the ambulance, open the windows, and cover appellant in order to enable them to evaluate him. Trooper John Conomy of the Ohio State Highway Patrol investigated the accident. When he opened the car door, he immediately smelled beer. He then went to the hospital, where he spoke with appellant. Appellant's eyes were bloodshot, and an odor of alcohol came from appellant's breath. Appellant was belligerent at the hospital, and refused a blood alcohol test. Appellant came to the station the next day to give a statement. His speech was not as slow as the night before, and his manner was not belligerent. Appellant admitted that he drank two beers before the accident. Appellant was charged with operating a motor vehicle while intoxicated (R.C.4511.19(A)(1)), and failure to control (R.C. 4511.202). The case proceeded to jury trial in the Licking County Municipal Court. Following trial, the jury returned a verdict of guilty on the charge of operating a motor vehicle while intoxicated. The trial court then convicted appellant on a minor misdemeanor charge of failure to control. Appellant was sentenced to 90 days incarceration, with 70 days suspended, and placed on probation for two years. Appellant assigns two errors on appeal:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
SECOND ASSIGNMENT OF ERROR
 THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO SUSTAIN A VERDICT OF GUILTY, BEYOND A REASONABLE DOUBT, HEREIN.
We address both assignments of error, as they both raise the issue of whether the State presented sufficient evidence that appellant was intoxicated at the time of the accident. Sufficiency is a term of art meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy. Id. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. A conviction based on legally insufficient evidence constitutes a denial of due process. Id. In the instant case, the State presented sufficient evidence that appellant was intoxicated to withstand appellant's Crim.R. 29 (A) motion for acquittal, and the jury verdict is supported by sufficient evidence. The EMT who responded to the call testified that the odor of alcohol emanating from appellant was so overwhelming that when he was placed in the back of the squad vehicle, they had to turn on the ventilation system, open the windows, and cover appellant in order to evaluate his condition. Tr. 10. In addition, appellant was restless, and stated that he wanted to vomit. Tr. 9. Trooper Conomy testified that when he opened the door of the car in which appellant had been traveling, he immediately smelled a strong odor of alcohol, specifically, beer. Tr. 21. When he spoke with appellant at the hospital, his eyes were bloodshot, and an odor of alcohol was on appellant's breath. Tr. 22. When appellant gave the trooper a statement at the station the next day, he admitted that he consumed two beers before the accident. Tr. 25. The day after the accident, the trooper noted that appellant's speech was not as slow, and he was not belligerent like he was the day of the accident. Tr. 42. Further, the trooper testified that in his opinion, appellant was under the influence of alcohol at the time he drove the vehicle into the ditch. Tr. 24. The assignments of error are overruled.
The judgment of the Licking Municipal Court is affirmed.
 _____________________ Gwin, P.J.,
Hoffman, J., and Milligan, J., concur